**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. **1:18-cv-01918**

**EDWARD L. MULCAHY JR.,**

Plaintiff

**v.**

**ASPEN/PITKIN COUNTY HOUSING AUTHORITY, a multi-jurisdiction housing authority,**

Defendant

---

**DEFENDANT ASPEN/PITKIN COUNTY HOUSING AUTHORITY'S MOTION TO DISMISS PURSUANT TO F.R.CIV.P. 12(b) (1) and 12(b) (6)**

---

Defendant, Aspen/Pitkin County Housing Authority ("APCHA"), through its attorney, hereby moves the Court to dismiss the Complaint in this action because the Court lacks subject matter jurisdiction (Fed. R. Civ.P.12 (b) (1)) and because the Complaint fails to state a claim upon which relief can be granted (Fed.R.Civ.P.12 (b) (6)).  As ground for this motion APCHA states as follows:

## I.     INTRODUCTORY STATEMENT

This case is an effort to relitigate matters which were resolved in a previous state court action. On June 3, 2016, the Pitkin County District Court entered its Order on Pending Motions (the "Order") in *Aspen Pitkin County Housing Authority v. Edward L. Mulcahy Jr.*, Case No. 2015CV30150. The Judgement in that case was upheld by the Colorado Court of Appeals, and the Colorado Supreme Court denied Mulcahy's petition for writ of certiorari. This state court case involved the same facts and issues as in the case at bar. That case was resolved in favor of APCHA based primarily on Edward L. Mulcahy's ("Mulcahy") failure to exhaust his administrative remedies.

The judgment of the District Court is referred to in the Complaint, para. 30. The subsequent decision of the Court of Appeals upholding the District Court judgment is vaguely referred to in the Complaint, para. 30. Subsequently, the Colorado Supreme Court denied Mulcahy's petition for writ of certiorari. In these circumstances, it is appropriate for APCHA to submit copies of these decisions to the Court for consideration on this motion to dismiss. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1389 (10th Cir. 1997). The Order is attached as Exhibit A. The Opinion of the Court of Appeals ("the Opinion") is attached as Exhibit B. The Order of the Colorado Supreme Court is attached as Exhibit C.

Mulcahy owns property he acquired from the City of Aspen, Colorado, located at 53 Forge Road in Aspen, Colorado, "the Property." (Order, Findings of Fact, para.1). The Property is located within an affordable housing development undertaken by the City of Aspen to provide housing for local workers (Opinion, para.1). By intergovernmental agreement between the City

of Aspen and Pitkin County, APCHA administers the city's affordable housing program, and the Property is in APCHA's inventory. (Complaint, paras. 4 and 5).

The Property, which was sold to Mulcahy at a price below free market value (Complaint, paras. 6 and 8), is encumbered by a Master Deed Restriction and Agreement ("Deed Restriction"), accepted by Mulcahy (Complaint, para.8), which imposes requirements to ensure that the Property, and other properties in the same development, is owned by persons who qualify for the affordable housing program (Order, paras. 1-3). The Deed Restriction requires, *inter alia*, that in order to maintain ownership of the Property, Mulcahy or any other owner must be employed within Pitkin County a minimum of 1500 hours per year (Order, para. 1). Following months of investigation, APCHA determined that Mulcahy had failed to provide evidence of compliance (Order, paras. 5-7). On August 15, 2015, APCHA issued to Mulcahy a Notice of Violation ("NOV") with respect to various requirements of the Deed Restriction including the employment requirement (Order, para.7). The NOV required Mulcahy to provide proof of compliance, list the Property for sale, or request a hearing before the APCHA Board within 15 days in order to contest the NOV (Order, para.7). Mulcahy did none of these things (Order, para.24). Accordingly, on December 2, 2015, APCHA commenced an enforcement action in Pitkin County District Court to require Mulcahy to list the Property for sale as required by the Deed Restriction.

In the state court action and here, Mulcahy has sought to invalidate the August 25, 2015, NOV, which cited him for violation of the Deed Restriction encumbering the Property (Order, paras. 1, 8, 24; Opinion, paras. 11,14,17,21 and 22). In the Order, the District Court found that by the terms of the Deed Restriction, Mulcahy was required to be employed in Pitkin County by

a Pitkin County employer for a minimum of 1500 hours per year ( Order, Findings of Fact, para. 2), that Mulcahy admitted that he did not comply with the employment requirement ( Order, Findings of Fact, para. 3), but that in any event the Deed Restriction and the NOV required him to request an administrative hearing before the APCHA Board within fifteen (15) days of the NOV in order to contest the alleged violations (Order, Findings of Fact, para 7 and 18).  Mulcahy failed to request a hearing (Order, Findings of Fact, para. 24; Opinion, para. 20).  As a result, the District Court concluded that Mulcahy failed to exhaust his administrative remedies, which barred all his defenses to APCHA's claims. (Order, para. 27).  The Court awarded APCHA specific performance of the requirement of the Deed Restriction which states that in the event of a violation the Property must be listed for sale (Order, p.10), and ordered him to provide APCHA with the information required by the Deed Restriction to determine the allowable sale price of the Property (Order, para. 40 and p.11).  (Mulcahy's assertion in his Complaint that he is required to list his property for sale at a price substantially below market value (paras. 27 and 33) is patently false.  The sales price has not yet been determined.)

Mulcahy appealed the District Court's judgment against him to the Colorado Court of Appeals.  On September 14, 2017, the Court of Appeals issued its opinion, Exhibit B, affirming the judgment of the District Court.  The Court of Appeals stated, "We strictly adhere to the exhaustion doctrine" (Opinion, para.13), and held that Mulcahy's failure to request a hearing or to cure the violations listed in the NOV "constitute a breach of the Master Agreement, (*i.e.*, the Deed Restriction) and trigger the County's (*sic*) right to force a sale of the property." (Opinion, para. 18).  "Because Mulcahy did not seek a hearing, absent an exception, the exhaustion doctrine bars him from raising any claim or defense to the County's decision." (Opinion, para.

20).  The Court of Appeals found that none of the exceptions to the exhaustion doctrine applied. (Opinion, paras. 21-22).

The Court of Appeals specifically considered Mulcahy's argument, previously rejected by the District Court and raised again here, that his alleged absence from the country at a certain time implicated due process considerations, but the Court rejected this argument based on a finding that Mulcahy was not out of the country when the NOV was issued (Opinion, paras. 29-32).

Mulcahy filed a petition for writ of certiorari to the Colorado Supreme Court.  By order dated April 30, 2018, Exhibit C, the Supreme Court denied the petition.  On July 17, 2018, Mulcahy filed in the U.S. Supreme Court an Application for Extension of Time to File Petition for Writ of Certiorari to the United States Court of Appeals for the Tenth Circuit, copy attached as Exhibit D, wherein he asserts that this case "is small town political retaliation" (para.3) based on allegations of conspiracy between the District Court judge and the Aspen Skiing Company (para.2), allegations essentially reiterated in the Complaint in this action (paras.16 and 17).  In that application Mulcahy falsely asserts that a settlement of this case is proposed (para.4).  The extension request was approved by the U.S Supreme Court on July 23, 2018, and Mulcahy has been granted until September 27, 2018, to file a petition for writ of certiorari (Exhibit E).

In his Complaint in this action, Mulcahy makes a great number of factual allegations which find no support in the record of proceedings in the state court action and which are otherwise demonstrably false.  Most of these allegations are irrelevant for purposes of this motion, whether true or not, for the reasons set forth below.  However, there is one false factual

assertion which is relevant to this motion, and which Mulcahy states repeatedly in the Complaint, namely, that he was never "afforded a hearing" on the alleged violations (Complaint, paras. 17, 18, 31, 32). It is clear from the record in the state court proceedings, and is the law of the case there, that the Deed Restriction and the NOV both gave Mulcahy the right to request an administrative hearing (Order, paras. 17, 18, 26; Opinion, para. 6), and that he failed to request such a hearing (Order, para. 24; Opinion, para.14). The only reason that there was no administrative hearing is that Mulcahy failed to request it.

## II. THE FULL FAITH AND CREDIT STATUTE, 28 U.S.C. §1738, REQUIRES THE DISMISSAL OF THIS ACTION.

*Res judicata* and collateral estoppel, *i.e.*, issue preclusion and claim preclusion, can be raised in a F.R.Civ.P. 12(b) motion to dismiss and may provide the basis for dismissal. *Gass v. U.S.*, 4 Fed. Appx. 565, 567 (10th Cir. 2001).

It is well-settled that pursuant to the judicial doctrine of comity and 28 U.S.C. §1738, a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81 (1984). As in the case at bar, *Migra* involved a claim in federal court pursuant to 42 U.S.C. §1983 that was not raised in prior state court litigation regarding the same operative facts and issues. The U. S. Supreme Court held that the federal statute bars the federal courts from considering a §1983 claim that was decided or that could have been raised in the state court proceedings, subject to a determination that the state court judgment would have the same claim preclusive effect in the state courts where the case was decided.

In Colorado, claim preclusion works to preclude the relitigation of matters that have already been decided, as well as matters that could have been raised in a prior proceeding but were not, where the following exist: 1) finality of the first judgment; 2) identity of subject matter in the two cases; 3) identity of claims for relief; and 4) identity or privity between the parties to the two actions. *Argus Real Estate, Inc. v. E-470 Public Highway Authority*, 109 P.3d 604, 608 (Colo.2005). All of these requirements are satisfied here.

With respect to the first element of this test, the state court judgment in *APCHA v. Mulcahy* is final based on the Colorado Supreme Court's denial of Mulcahy's petition for writ of certiorari. *Phelps v. Hamilton,* 122 F.3d 1309, 1318, (10th Cir.1997).

With respect to the second element, both cases involve the same enforcement action by APCHA against Mulcahy. The operative facts and issues are the same in both cases.

With respect to the third element, the Court's inquiry does not focus on the specific claim asserted or the legal theory on which the claimant relies. Rather, this element is bounded by the injury for which relief is demanded, which is the same in both cases, namely, invalidation of the NOV and reversal of the requirement to list the Property for sale. Claim preclusion bars a party from splitting claims into separate actions because once judgment is entered in the first action, it extinguishes all rights to remedies the party may have against the defendant with respect to all or any part of the subject transaction out of which the action arose. *Argus Real Estate, Inc. v. E-470 Public Highway Authority, supra,* 109 P.3d at 608-609. The only thing different in this case from Mulcahy's claims and defenses in the state court action is that Mulcahy did not assert explicitly a 42 U.S.C. §1983 claim in the prior case. But that is simply a

different claim for relief, and one that could have been made in the state court action. The alleged injury for which relief is demanded, and the same transactions, are involved in both cases.

As for the fourth element, the parties are identical in the two cases.

Based on the foregoing, 28 U.S.C. Section 1738 requires the dismissal of this action. *See also*, *Fundamentalist Church of Jesus Christ of Latter- Day Saints*, 698 F.3d 1295, 1301-02 (10th Cir. 2012); *Thomson v. Kansas Dept. of Corrections*, 241 Fed. Appx. 512, 514 (10th Cir. 2007); and *King v. Union Oil Co. of California*, 117 F.3d 443, 445-446 (10th Cir. 1997).

### III.  MULCAHY HAS FAILED TO STATE A CLAIM THAT COULD NOT HAVE BEEN ASSERTED IN HIS ADMINISTRATIVE HEARING BEFORE THE APCHA BOARD OR IN THE STATE COURT ACTION.

In his Complaint in this action, Mulcahy asserts, for the first time, that APCHA failed to follow its own rules by enforcing the NOV in less than a period of 60 days, and that he should have been given those 60 days "to resolve the issue." (Complaint, paras. 21 and 22). APCHA disagrees on the merits with this interpretation of the NOV and the Guidelines, but it is unnecessary as a matter of law for the Court to reach that question.

The Pitkin County District Court held that the failure to exhaust administrative remedies barred the Court from considering any of Mulcahy's defenses (Order, para. 27), although the Court nevertheless addressed a number of Mulcahy's defenses, such as the statute of limitations, exceptions to the exhaustion doctrine, equitable defenses, futility, and constitutional questions. (Order, paras.29-45). The Court rejected all of those defenses.

The Colorado Court of Appeals affirmed, again holding that the exhaustion doctrine barred Mulcahy from raising any claim or defense to the enforcement action. (Opinion, para.20). In the Court of Appeals, Mulcahy again asserted equitable defenses as an exception to the exhaustion requirement, and the Court held that these defenses were required to be raised on their merits at the agency level (Opinion, paras. 21-28). "Mulcahy does not identify a single issue he sought to raise before the district court that the County (*sic*) was ill-equipped or powerless to address." (Opinion, para.27).

No less is true of the assertion made here for the first time that APCHA failed to follow its own rules. While the APCHA Board could not consider a §1983 claim as such, if Mulcahy believed that he was entitled to more time to resolve his compliance issues, he could have made this underlying argument to the APCHA Board in an administrative hearing.

In the District Court and in the Court of Appeals, as in the Complaint in this action, Mulcahy asserts that he did not request a hearing because he did not receive the NOV. This issue was addressed on its merits by both courts and rejected by them. The District Court found that Mulcahy did not provide evidence that he was out of the country at that time or that APCHA was aware of that assertion (Order, para.8). Based on concerns of fundamental fairness and due process, the Court of Appeals also addressed the same issue on its merits. (Opinion, paras 29-32). The Court of Appeals held that "…the facts in the record do not create an issue of disputed fact as to whether Mulcahy was out of the country when the County (*sic*) sent the August 25th notice of violation." (Opinion, para. 32). The Court rejected Mulcahy's argument on this issue, and this determination is entitled to *res judicata* and collateral estoppel effect.

9

The law is well-settled that the failure to assert a 42 U.S.C. §1983 claims in the state court proceedings bars any such claim in this Court in a subsequent action. *Migra v. Warren City School District Board of Education, supra,* 465 U.S. at 83-84; *Pinder v. Mitchell*, 658 Fed. Appx. 451, 456 (10th Cir. 2016); *Sharpley v. Davis*, 786 F.2d 1109, 1111 (11th Cir. 1986). Due process does not give parties the right to litigate the same underlying question twice. *Wayside Transportation Co., Inc. v. Marcell's Motor Express, Inc.*, 284 F.2d 868, 871 (1st Cir. 1960). Accordingly, the Complaint in this action should be dismissed.

## IV. THE COMPLAINT FAILS TO ALLEGE A VIOLATION OF PROCEDURAL DUE PROCESS OF CONSTITUTIONAL PROPORTIONS, AND THEREFORE THIS ACTION SHOULD BE DISMISSED.

Even if Mulcahy's claims were not barred by application of the Full Faith and Credit Statute, he has failed to allege a claim actionable pursuant to 42 U.S.C. §1983.

The Complaint asserts a single claim for relief based on the alleged deprivation of civil rights pursuant to 42 U.S.C. §1983. While not expressly stated, the claim appears to be based on an alleged denial of procedural due process because APCHA failed to follow its own regulations in issuing the NOV prematurely. In addition, while not clearly stated, it appears that the claim is based on APCHA's failure to actually conduct an administrative hearing before filing suit to enforce the NOV and the Deed Restriction. In both respects the Complaint is deficient as a matter of law.

It is well-settled that the constitutional right to procedural due process requires notice and an opportunity to be heard appropriate to the nature of the case. *Cleveland Board of Education v. Loudermill*. 470 U.S. 532, 542 (1985). Mulcahy received notice in the NOV,

which also gave him the opportunity to be heard. He did not avail himself of this opportunity. As stated in *Boddie v. Connecticut*, 401 US. 371, 378 (1971), due process does not require that in every case a hearing must be held. "A State can, for example, enter a default judgment against a defendant, who, after adequate notice, fails to make a timely appearance." *Id*. at 378. The opportunity to be heard is what procedural due process requires, and that opportunity is subject to waiver. *Becker v. Kroll*, 494 F.3d 904, 922 (10th Cir. 2007). "The period within which the appearance must be made and the right to be heard exercised is, of course, a matter of regulation… and if the appearance be not made, and the right to be heard not exercised within the period thus prescribed, the default of the party prosecuted….may, of course, be entered*."* *Windsor v. McVeigh*, 93 U.S. 274, 278 (1876). The state courts have found conclusively that Mulcahy was afforded notice and the opportunity to be heard and that he failed to request a hearing. Since that is all that due process requires, the Complaint fails as a matter of law.

Furthermore, the claim that APCHA failed to follow its own rules does not state a §1983 claim. An alleged violation of state or local law does not give rise to a procedural due process claim. *Jemaneh v. University of Wyoming*, 82 F. Supp.3d 1281, 1301 (D. Colo. 2015); *Becker v. Kroll, supra*, 494 F.3d at 917. *Trotter v. Regents of University of New Mexico*, 219 F.3d 1179, 1185 (10th Cir. 2000). Therefore, the assertion that APCHA violated its own rules does not state a §1983 claim. That is an issue that should have been raised in an administrative hearing before the APCHA Board or in the state court litigation.

Accordingly, the Complaint should be dismissed for failure to state a 42 U.S.C. §1983 claim as matter of law.

## V.  CONCLUSION

For the reasons set forth above, Defendant APCHA moves the Court to dismiss the Complaint in this action pursuant to Fed. R. Civ. P. 12(b) (1) and 12(b) (6).

Respectfully submitted this 23rd day of August, 2018

                                          s/ Thomas Fenton Smith_____
*Thomas Fenton Smith*
*P.O. Box 3380,*
*229 Midland Ave., Basalt, CO  81621*
*Tel: 970.718.2044 – tom@tfsmithlaw.com*
*Attorney for Defendant, APCHA*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2018, I electronically filed the foregoing Defendant Aspen/Pitkin County Housing Authority's Motion to Dismiss Pursuant to F.R. Civ. P12(b)(1) and 12(b)(6) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email address:

jdporter@porterlaw.com

s/ Kimberly Welsh_____
*Kimberly Welsh*
*Legal Assistant*
