IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01918-PAB-GPG

EDWARD L. MULCAHY JR.,

    Plaintiff,

v.

ASPEN/PITKIN COUNTY HOUSING AUTHORITY, a multi-jurisdictional housing authority,

    Defendant.

## ORDER

This matter is before the Court on Defendant Aspen/Pitkin County Housing Authority's Motion to Dismiss First Amended Complaint Pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6) [Docket No. 15].

**I. BACKGROUND**

This case arises out of a dispute over property located at 53 Forge Road in Aspen, Colorado.[1] Defendant Aspen/Pitkin County Housing Authority ("APCHA") is a housing authority that, among other things, oversees and administers the affordable housing program in Pitkin County, Colorado. Docket No. 13 at 2, ¶ 4-7. As part of the affordable housing program, defendant conveys deed-restricted property to Aspen and Pitkin County residents at below-market prices. *Id*., ¶ 6. Prospective buyers are chosen by lottery and must meet certain employment and income demographics, which

---

[1] These facts are drawn from plaintiff's First Amended Complaint [Docket No. 13].

are determined by defendant.  *Id*. at 2-3, ¶¶ 6, 10.

Plaintiff Edward L. Mulcahy, Jr. ("Mulcahy") has been a permanent resident of Aspen since 1995.  *Id*. at 3-4, ¶ 10.  In October 2006, plaintiff received the deed to the property at 53 Forge Road after purchasing the property through APCHA's housing lottery process.  *Id*. at 3, ¶ 9.  Plaintiff's deed to the property is subject to certain restrictions enforceable by defendant, namely, plaintiff must use the property as his primary residence and must

> be a full-time employee working in Pitkin County for an employer whose business address is located within Aspen or Pitkin County, whose business employs employees within Pitkin County, whose business license is in Aspen or Pitkin County, and/or the business taxes are paid in Aspen or Pitkin County (if an employer is not physically based in Pitkin County, an employee must be able to verify that they physically work in Pitkin County a minimum of 1500 hours per calendar year for individuals, business or institutional operations located in Pitkin County) . . . .

Docket No. 13-3 at 19.

On July 17, 2015, plaintiff received a letter from defendant alleging that he was not in compliance with the deed restrictions.  *Id*. at 6, ¶ 16.  The letter stated that plaintiff had fourteen days to respond to the letter and sixty calendar days to resolve the issues identified in the letter.  *Id*. at 8, ¶ 22.  Plaintiff communicated with defendant's qualifications specialist in an attempt to resolve the situation.  *Id*. at 7-8, ¶¶ 19-22.  On August 5, 2015, defendant sent a second compliance letter to plaintiff.  *Id*. at 11, ¶ 27.  On August 25, 2015, defendant sent an "official notice of violation" to plaintiff finding a breach of the deed restriction.  *Id*.  The official notice of violation indicated that plaintiff had fifteen days to contest the finding.  *Id*.  Because plaintiff was traveling outside the country, he was not aware of the notice of violation and did not respond.  *Id*. at 12, ¶ 30.

Subsequently, defendant issued a final letter, indicating that because plaintiff failed to timely request a hearing he had lost the right to contest defendant's findings. *Id*. Defendant ordered that plaintiff list the 53 Forge Road property for sale. *Id*.

On December 2, 2015, defendant brought an action in the District Court for Pitkin County, Colorado, seeking to force plaintiff to sell the property. *Id*. at 13, ¶ 32. On March 3, 2016, the district court granted summary judgment for defendant, concluding that, since plaintiff had failed to exhaust his administrative remedies, the court did not have jurisdiction to hear his defenses and defendant was entitled to judgment as a matter of law. *Id*. On August 8, 2016, the district court denied plaintiff's motion for reconsideration. *Id*. at 14, ¶ 34. On September 14, 2017, the Colorado Court of Appeals affirmed the district court's order. *Id*. at 14-15, ¶ 35. On April 30, 2018, the Colorado Supreme Court denied plaintiff's petition for writ of certiorari. Docket No. 11-3.[2] On January 7, 2019, the U.S. Supreme Court denied plaintiff's petition for writ of certiorari. Docket No. 55-2. On March 6, 2019, the district court granted defendant's motion to lift the stay of its original judgment and denied plaintiff's motion to vacate the judgment. Docket No. 55-1.

On July 29, 2018, plaintiff filed this lawsuit. Docket No. 1. The operative complaint brings claims for relief under 42 U.S.C. § 1983 for (1) deprivation of plaintiff's

---

[2] APCHA attaches records from the state court action to its motion to dismiss and its motion to supplement the record. *See* Docket Nos. 11-1, 11-3, 55-1, 55-2. The Court will grant Defendant APCHA's Motion to Supplement the Record Re: [15] Motion to Dismiss [Docket No. 55], which puts before the Court records from the state court proceedings filed after the briefing on the motion to dismiss had completed. The Court takes judicial notice of these exhibits, "which are a matter of public record." *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

3

due process rights and (2) deprivation of plaintiff's equal protection rights. Docket No. 13 at 16-21, ¶¶ 38-62. Plaintiff requests as relief, in part, "[a]n order declaring [defendant's] August 25, 2015 prematurely issued notice of violation to be invalid" and an order to defendant to "properly issue a notice of violation." *Id*. at 21, ¶¶ 62(a), (b).

On September 21, 2018, APCHA filed this motion to dismiss. Docket No. 15.[3] APCHA asserts that the complaint should be dismissed on the grounds that (1) plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel, (2) plaintiff has failed to exhaust administrative remedies, (3) plaintiff has failed to allege a procedural due process violation, and (4) plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Docket Nos. 13, 15.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion under Fed. R. Civ. P. 12(b)(1) is a request for the Court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff bears the burden of establishing that the Court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When the Court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1). *See Jackson v. City and Cty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556 at *1 (D. Colo. Sept. 24, 2012).

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he

---

[3] APCHA's motion to dismiss incorporates the arguments made in its first motion to dismiss, *see* Docket No. 11, which was directed at the previous complaint. *See* Docket No. 34 (order permitting APCHA to incorporate arguments from the previous motion to dismiss).

4

moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). The court may review materials outside the pleadings without converting the Rule 12(b)(1) motion to dismiss into a motion for summary judgment. *Davis ex rel. Davis v. U.S.*, 343 F.3d 1282, 1296 (10th Cir. 2003).

### B. The *Rooker-Feldman* doctrine

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal courts "must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). Section 1257(a) of United States Code Title 28 provides that only the Supreme Court – not lower federal courts – has jurisdiction to review "[f]inal judgments or decrees" rendered by a state court. *See* 28 U.S.C. § 1257(a); *Suasnavas v. Stover*, 196 F. App'x 647, 652 n.3 (10th Cir. 2006) (unpublished).

The *Rooker-Feldman* doctrine derives from the statutory bar in 28 U.S.C. § 1257(a). *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Suasnavas*, 196 F. App'x at 652 n.3. In *Rooker*, the Supreme Court concluded that federal district courts "could [not] entertain" litigation that sought to overturn a state court judgment because Congress vested only the Supreme Court with that authority. *Rooker*, 263 U.S. at 416; *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1173 (10th Cir. 2018). The Supreme

5

Court has cautioned that *Rooker-Feldman* applies in the "limited circumstances" where "the losing party in state court file[s] suit in federal court after the state proceedings end[], complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). "[A]n element of the claim must be that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (applying *Exxon Mobil*, 544 U.S. at 284).

In a recent decision, the Tenth Circuit distinguished cases governed by *Rooker-Feldman*, where a federal court is jurisdictionally barred from hearing the case, from cases governed by the preclusion doctrine, where a federal court is not jurisdictionally barred from hearing the case, but the claims might fail because they are precluded. *See Mayotte*, 880 F.3d at 1174-75. As the Tenth Circuit explained, "[w]hat *is* prohibited under *Rooker-Feldman* is a federal action that tries to *modify or set aside* a state-court judgment because the state proceedings should not have led to that judgment." *Id*. at 1174. For example, if the federal case "alleged that a defect in the state proceedings invalidated the state judgment," the case would be jurisdictionally barred under *Rooker-Feldman*. *Id*. at 1174-75. However, a claim seeking relief that is "inconsistent" with the state court judgment is "the province of preclusion doctrine." *Id*.

### III. ANALYSIS

Defendant argues that both of plaintiff's claims are barred by the *Rooker-Feldman* doctrine because plaintiff's claims seek review and rejection of the state court judgment. Docket No. 15 at 2-3. The Court addresses *Rooker-Feldman* "before

6

turning to the merits of the case" because it implicates the Court's subject matter jurisdiction. *See PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010). The Court "independently consider[s] each claim against the backdrop of the *Rooker-Feldman* doctrine." *Flanders v. Lawrence (In re Flanders)*, 657 F. App'x 808, 814 (10th Cir. 2016) (unpublished).

Plaintiff requests as relief for both of his claims that the Court issue "[a]n order declaring [defendant's] August 25, 2015 prematurely issued notice of violation to be invalid." *See* Docket No. 13 at 21, ¶ 62(a). Granting this relief would require the Court to set aside a state court judgment finding that the notice of violation was valid. In the state court action, the state court granted judgment for defendant in the form of (1) a "decree of specific performance" directing plaintiff to list the 53 Forge Road property for sale and (2) a declaratory judgment that the 53 Forge Road property's deed restriction is valid and that plaintiff is in violation of the deed restriction. *See* Docket No. 11-1 at 1, ¶ 1, and at 10. Through this case, plaintiff is trying to "modify or set aside" the state court judgment finding that the notice of violation was valid. *See Mayotte*, 880 F.3d at 1174 (emphasis removed). That type of relief is barred by *Rooker-Feldman*, and as such, the Court lacks jurisdiction to hear plaintiff's claims.[4]

Plaintiff's arguments to the contrary are unpersuasive. First, plaintiff emphasizes that *Rooker-Feldman* is a narrow doctrine, relying on authority that the doctrine does

---

[4] Plaintiff also seeks relief in the form of compensatory, nominal, and punitive damages for defendant's violation of his constitutional rights. Docket No. 13 at 21. Because the damages all flow from the state court's entry of judgment, this relief is also barred by *Rooker-Feldman*. *See Tso v. Murray*, 760 F. App'x 564, 567-68 (10th Cir. 2019) (unpublished) (noting that, where "the only harms alleged involved deprivations that resulted from the state courts' orders," claims are barred by *Rooker-Feldman*).

7

not apply where "a party may lose in state court and then raise precisely the same legal issues in federal court, so long as the relief sought would not undo the relief granted in state court." *See* Docket No. 47 at 17-18 (quoting *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006)). Although plaintiff is correct that *Rooker-Feldman* applies in limited circumstances, this case presents one of those circumstances – where the "relief sought would . . . undo the relief granted in state court." *See Mo's Express*, 441 F.3d at 1237. The relief granted in state court was specific performance of the contract and a judgment that plaintiff had violated the deed restriction; here, plaintiff seeks to undo that relief by asking this Court to declaring that relief invalid. *See* Docket No. 13 at 21-22. Contrary to plaintiff's assertions, *Mo's Express* does not support his position. In *Mo's Express*, plaintiff's challenges to a state commission's actions were "general constitutional challenges" that "requested only prospective injunctive and declaratory relief" rather than money damages or retrospective relief that would "invalidate any past action." *Mo's Express*, 441 F.3d at 1237-38. The Tenth Circuit concluded that *Rooker-Feldman* did not bar these claims because the relief requested would not "reverse or otherwise 'undo' the relief granted" by the state court. *Id*. at 1238. In contrast, plaintiff here does not seek prospective relief, i.e. a judgment preventing defendant from taking future actions against him. *See* Docket No. 13 at 21-22. The claims are aimed at undoing the effect of the state court judgment by "set[ting] aside" the state court's ruling that the notice of violation is valid and providing plaintiff with compensatory damages. *See id*.; *see also Mayotte*, 880 F.3d at 1174 (emphasis removed).

8

Plaintiff next suggests that *Rooker-Feldman* does not apply because the judgment was not "final." *See* Docket No. 47 at 18 n.7. For the purposes of *Rooker-Feldman*, a judgment is considered final in three situations: "(1) 'when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved'; (2) 'if the state action has reached a point where neither party seeks further action'; or (3) 'if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated.'" *See Guttman v. Khalsa*, 446 F.3d 1027, 1032 n.2 (10th Cir. 2006) (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005)).[5] At the time plaintiff filed this case on July 29, 2018, the "highest state court in which review is available" – the Colorado Supreme Court – "ha[d] affirmed the judgment below." *See Guttman*, 446 F.3d at 1032 n.2; *see also* Docket No. 11-3 (denial of certiorari dated April 30, 2018). Thus, the judgment was final for purposes of *Rooker-Feldman* at the time the suit was filed. Plaintiff's reliance on *Sheriff* is misplaced. In *Sheriff*, where the state court entered a default judgment, the Tenth Circuit concluded that *Rooker-Feldman* did not apply because (1) the clock to file an appeal of the default judgment had not started to

---

[5] Plaintiff suggests that the *Rooker-Feldman* finality question requires the Court to "look[] to state law in determining finality of judgments." *See* Docket No. 47 at 18 n.7. Unlike finality for purposes of the preclusion doctrine, *Rooker-Feldman* finality does not rely on whether a judgment is "final" under state law. *See Guttman*, 446 F.3d at 1032 n.2. The case plaintiff cites looked to state law only to determine whether the time to appeal the judgment had elapsed, not whether the judgment was considered 'final' under state law. *See Sheriff v. Accelerated Receivables Solutions, Inc.*, 283 F. App'x 602, 606-607 (10th Cir. 2008) (unpublished) (applying Wyoming law on the appealability of a default judgment).

run prior to the filing of the federal suit and (2) both parties sought further action after entry of default judgment. *Sheriff*, 283 F. App'x at 607. Neither of those situations is present in this case, where the Colorado Supreme Court (and Colorado Court of Appeals) affirmed the judgment below. *See Guttman*, 446 F.3d at 1032 n.2.[6]

Finally, plaintiff argues that his equal protection claim "was not and could not have been litigated in the state court proceeding." *See* Docket No. 47 at 17. Plaintiff, however, fails to explain why this would affect application of the *Rooker-Feldman* doctrine, which focuses on the relationship between relief sought by plaintiff and the state court judgment. *See Mayotte*, 880 F.3d at 1174. *Rooker-Feldman* is distinct from the preclusion doctrine. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006) (explaining that *Rooker-Feldman* "prohibits federal suits that amount to appeals of state-court judgments," while res judicata "governs litigation of the same subject matter or the same issues" when the state-court judgment is not at issue). Consequently, whether or not plaintiff could have brought the equal protection claim in the state court is immaterial to the *Rooker-Feldman* analysis.[7]

---

[6] Plaintiff vaguely suggests that his petition for writ of certiorari to the United States Supreme Court, which was pending at the time this suit was filed, makes the state court judgment not "final" for *Rooker-Feldman* purposes. *See* Docket No. 47 at 18 n.7 (suggesting that plaintiff "has not yet exhausted all routes of appeal"). The Tenth Circuit has made clear that one situation in which a judgment is final is when the highest *state* court has affirmed the judgment below. *See Guttman*, 446 F.3d at 1032 n.2. It would make little sense for the second situation in which a judgment could be final, when "the state action has reached a point where neither party seeks further action," to include as a "further action" petitions to the U.S. Supreme Court. *See id*.

[7] Although immaterial to the *Rooker-Feldman* analysis, it is not clear to the Court why plaintiff could not have brought an equal protection claim in the state court under 42 U.S.C. § 1983 as a counterclaim or raised either his due process or equal protection theories as a defense. As the Colorado Court of Appeals noted in rejecting plaintiff's

10

The *Rooker-Feldman* doctrine bars the Court from exercising subject-matter jurisdiction over plaintiff's claims. Accordingly, the Court will dismiss both claims without prejudice for lack of subject-matter jurisdiction.[8]

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant Aspen/Pitkin County Housing Authority's Motion to Dismiss First Amended Complaint Pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6) [Docket No. 15] is **GRANTED**. It is further

**ORDERED** that Plaintiff's Motion to File Brief Surreply to Defendant's Motion to Dismiss With Surreply Incorporated [Docket No. 53] is **DENIED AS MOOT**. It is further

**ORDERED** that Defendant APCHA's Motion to Supplement the Record Re: [15] Motion to Dismiss [Docket No. 55] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court. It is further

---

appeal, the doctrine of exhaustion of administrative remedies does not apply when a party raises constitutional issues. *See* Docket No. 11-2 at 6 (citing *City & Cty. of Denver v. United Air Lines, Inc.*, 8 P.3d 1206, 1212-13 (Colo. 2000)). Indeed, plaintiff attempted to bring an argument under the Takings Clause of the Fifth Amendment in the state court action, which the state court considered and rejected. *See* Docket No. 11-1 at 7-8, ¶¶ 38-40.

[8] As the *Rooker-Feldman* analysis is dispositive, the Court will deny as moot Plaintiff's Motion to File Brief Surreply to Defendant's Motion to Dismiss With Surreply Incorporated [Docket No. 53], which offers additional briefing on the preclusion issues raised by defendant.

**ORDERED** that this case is closed.

DATED September 16, 2019.

BY THE COURT:

  s/Philip A. Brimmer _____
PHILIP A. BRIMMER
Chief United States District Judge