IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01918-PAB-GPG

EDWARD L. MULCAHY JR.,

    Plaintiff,

v.

ASPEN/PITKIN COUNTY HOUSING AUTHORITY, a multi-jurisdictional housing authority,

    Defendant.

## ORDER

This matter is before the Court on Defendant APCHA's Motion for Costs and Attorney Fees [Docket No. 60].

## I. BACKGROUND

This case arises out of a dispute over property located at 53 Forge Road in Aspen, Colorado.[1] Defendant Aspen/Pitkin County Housing Authority ("APCHA") is a housing authority that, among other things, oversees and administers the affordable housing program in Pitkin County, Colorado. Docket No. 57 at 1. In October 2006, plaintiff Edward L. Mulcahy Jr. received the deed to the property at 53 Forge Road after purchasing the property through APCHA's housing lottery process. *Id*. at 2. Plaintiff's deed to the property is subject to certain restrictions. Docket No. 60-2. One such

---

[1] More detailed background can be found in the Court's order dismissing the case. Docket No. 57.

restriction is a requirement that plaintiff use the property as his primary residence and, broadly speaking, be a full-time employee for a local business (the "residence requirement"). Docket No. 57 at 2. The deed agreement also includes a fee-shifting provision, which states:

> There is hereby reserved to the parties hereto any and all remedies provided by law for the breach of [the deed agreement] or any of its terms. In the event the parties resort to litigation with respect to any or all provisions of [the deed agreement], the prevailing party shall be awarded damages and costs, including reasonable attorneys' fees.

Docket No. 60-2 at 8, ¶ 22.

In December 2015, following an administrative finding that plaintiff had breached the residence requirement and the issuance of a notice of violation, defendant brought an action in state court to force plaintiff to sell the property. Docket No. 57 at 3. The district court granted summary judgment for defendant, the Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied certiorari. *Id*.

Subsequently, plaintiff filed this lawsuit on July 29, 2018, bringing claims for relief under 42 U.S.C. § 1983 for deprivation of his (1) due process and (2) equal protection rights. *Id*. at 3-4. Plaintiff claims that defendant "failed to follow its own regulations and guidelines" in finding that plaintiff breached the deed agreement. Docket No. 13 at 17, ¶ 44. On September 16, 2019, the Court granted defendant's motion to dismiss, concluding that plaintiff's claims were barred by the *Rooker-Feldman* doctrine. Docket No. 57 at 6-11.[2] The Court concluded that granting plaintiff the relief

---

[2] Plaintiff's appeal is currently pending before the Tenth Circuit. *See* Docket No. 66. "Although filing [a] notice of appeal generally divests the district court of jurisdiction over the issues on appeal . . . the district court retains jurisdiction over collateral

2

sought "would require the Court to set aside a state-court judgment." *Id*. at 7.  The Court awarded defendant its costs.  *Id*. at 11.

Two days later, on September 18, 2019, defendant filed the instant motion, seeking an award of $13.80 in costs and $13,850.00 in attorney's fees.  Docket No. 60.

## II. ANALYSIS

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or other contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010).  The party applying for fees bears the burden of establishing its entitlement to a fee award.  *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998).

Defendant argues that the fee-shifting provision in the deed agreement entitles it to attorney's fees.  The second sentence of that provision states: "[i]n the event the parties resort to litigation with respect to any or all provisions of [the deed agreement], the prevailing party shall [be] awarded damages and costs, including reasonable attorneys' fees."  Docket No. 60-2 at 8, ¶ 22.  Defendant contends that this case is "litigation with respect to" the fee agreement, entitling it to costs.[3]  Plaintiff responds

---

matters not involved in the appeal."  *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (citations and quotation omitted).  Because "[a]ttorney's fees awards are collateral matters over which the district court retains jurisdiction," the Court has jurisdiction to decide this motion.  *Id*.

[3] Neither party has briefed whether defendant is a "prevailing party" in this case. The question is complex where, as here, the Court did not enter a judgment on the merits.  *See Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1239 (10th Cir. 2018) ("[T]o establish that it was a prevailing party, a litigant must demonstrate the existence

that the fee-shifting provision only applies to litigation that sounds in contract.  Docket No. 63 at 2-4.  Because "claims brought pursuant to § 1983 sound in tort," *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999), plaintiff contends that this litigation does not implicate the fee-shifting provision.[4]

The interpretation of a contract is a question of law.  *Fed. Deposit Ins. Corp. v. Fisher*, 292 P.3d 934, 937 (Colo. 2013).[5]  A reviewing court's "primary aim in contract interpretation is to ascertain and implement the intent of the parties."  *Id.*  To determine the intent of the parties, "the court should give effect to the plain and generally accepted meaning of the contractual language."  *Copper Mountain, Inc. v. Indus. Sys., Inc.*, 208 P.3d 692, 697 (Colo. 2009).  "The meaning of a contract is found by examination of the entire instrument and not by viewing clauses or phrases in

---

of judicial *imprimatur* by identifying judicial action that altered or modified the legal rights of the parties."); *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 327 (Colo. 1994) ("[W]here a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees.").  However, as resolving this issue is not necessary to resolve defendant's motion, the Court assumes *arguendo* that defendant is a "prevailing party" within the meaning of the deed agreement.

[4] The statute governing attorney's fees for 42 U.S.C. § 1983 claims is 42 U.S.C. § 1988.  Under that statute, "[a] prevailing defendant may recover an attorney's fee award only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."  *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983).  "This is a high bar for a prevailing defendant to meet," *Utah Animal Rights Coalition v. Salt Lake Cty.*, 566 F.3d 1236, 1245 (10th Cir. 2009), and the parties agree that § 1988 does not support an award of attorney's fees in this case.  *See* Docket No. 63 at 4; Docket No. 64 at 2.

[5] Colorado law governs the deed agreement through a choice-of-law clause.  Docket No. 60-2 at 10, ¶ 30.

isolation." *U.S. Fid. & Guar. Co. v. Budget Rent-A-Car Sys., Inc.*, 842 P.2d 208, 213 (Colo. 1992).

Although the language of the fee-shifting provision is imprecise, reading the provision in context indicates the parties' intent to limit the provision to litigation arising from a "breach" of the deed agreement. The fee-shifting provision is in a section of the deed agreement called "remedies for breach." Docket No. 60-2 at 8. The section sets out a scheme in the event of a breach of the deed agreement. *Id*. The fee-shifting provision itself is similarly limited. The first sentence "reserve[s] to the parties . . . remedies provided by law for the breach of [the deed agreement] or any of its terms." Docket No. 60-2 at 8, ¶ 22. Put simply, this means that the parties may sue each other in the event of a breach of contract. The second sentence entitles a prevailing party to reasonable attorneys' fees "[i]n the event the parties resort to litigation with respect to any or all provisions of" the deed agreement. *Id*. Read naturally, this sentence applies to the same class of actions contemplated by the first sentence – actions related to a party's breach of the deed agreement.

This interpretation of the deed agreement finds support in case law. For example, the Tenth Circuit has interpreted similar language to entitle a prevailing party to only those attorney's fees attributable to claims involving disputes under the contract. *Stichting Mayflower Rec. Fonds v. Newpark Res., Inc.*, 917 F.2d 1239, 1248 (10th Cir. 1990). In that case, the parties' contract entitled the prevailing party to reasonable attorney's fees "[i]n the event of any dispute between the parties hereto." *Id*. In remanding to the district court, the Tenth Circuit observed that "only those claims

involving disputes under" the contract should be considered.  *Id*. (citing *Trayner v. Cushing*, 688 P.2d 856, 858 (Utah 1984)).  Other courts have reached similar conclusions.  *See, e.g.*, *Baldain v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 2606666, at *5 (E.D. Cal. June 28, 2010) (holding that "a party must show that the claim fell within the scope of the contract" to "recover fees incurred in connection with litigation of a claim under a fee shifting contract").

Defendant offers little resistance to this interpretation, failing to cite any relevant authority supporting its position.  Defendant argues that this case falls within the fee-shifting provision because plaintiff seeks to set aside the state-court judgment enforcing the deed agreement.  Docket No. 60 at 2-3.  This argument oversimplifies the analysis.  The parties had a contract – the deed agreement – which included the residence requirement.  In administrative proceedings, defendant determined that plaintiff violated the residence requirement and issued a notice of violation.  Defendant subsequently sued plaintiff and won, among other things, a determination that the notice of violation was valid.  Now, plaintiff contends that the administrative proceedings violated his constitutional rights and that the notice of violation is invalid.  The claims in this action are constitutional tort claims against defendant's administrative proceedings rather than challenges to any provision of the deed agreement.  Although the underlying subject matter is plaintiff's compliance with the deed agreement, plaintiff's litigation is "with respect to" the administrative proceedings used in determining compliance, not with respect to the deed agreement itself.  Thus, the Court is not persuaded that this action is "litigation with respect to any or all

provisions of" the deed agreement within the meaning of the fee-shifting provision.[6]

Accordingly, defendant has not met its burden to show its entitlement to attorney's fees.[7]

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant APCHA's Motion for Costs and Attorney Fees [Docket No. 60] is **DENIED**.

DATED August 13, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[6] This conclusion is consistent with the Court's determination that plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars federal actions that try to modify or set aside a state court judgment. *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1174 (10th Cir. 2018). Through this action, plaintiff seeks to overturn the state court's judgment that defendant's "notice of violation" was valid. *See* Docket No. 13 at 21, ¶ 62(a). That type of relief is barred by *Rooker-Feldman* regardless of how the action is characterized within the meaning of the deed agreement's fee-shifting provision.

[7] Defendant also moves for costs of $13.80. Docket No. 60 at 4. Because the Court has already awarded costs to defendant, *see* Docket No. 57 at 11, the Court need not rule on this portion of defendant's motion.