IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01918-PAB-GPG

EDWARD L. MULCAHY JR.,

      Plaintiff,

v.

ASPEN/PITKIN COUNTY HOUSING AUTHORITY, a multi-jurisdictional housing authority,

      Defendant.

---

## ORDER

---

      This matter is before the Court on Defendant Aspen/Pitkin County Housing Authority's Motion to Dismiss First Amended Complaint Pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6) [Docket No. 15], filed on September 21, 2018.  On September 16, 2019, the Court granted defendant's motion to dismiss.  Docket No. 57.  Final judgment entered September 17, 2019.  Docket No. 58.  Plaintiff appealed.  Docket No. 66.  On October 21, 2020, the Tenth Circuit reversed the Court's dismissal order in part and remanded the case for further proceedings.  Docket No. 72.  The Court reinstated defendant's motion to dismiss and the matter is currently pending before the Court. *See* Docket No. 74

## I.  BACKGROUND

      This case arises out of a dispute over property located at 53 Forge Road in

Aspen, Colorado.[1]  Defendant Aspen/Pitkin County Housing Authority ("APCHA") is a housing authority that, among other things, oversees and administers the affordable housing program in Pitkin County, Colorado.  Docket No. 13 at 2, ¶ 4-7.  As part of the affordable housing program, defendant conveys deed-restricted property to Aspen and Pitkin County residents at below-market prices.  *Id*., ¶ 6.  Prospective buyers are chosen by lottery and must meet certain employment and income demographics, which are determined by defendant.  *Id*. at 2-3, ¶¶ 6, 10.

Plaintiff Edward L. Mulcahy, Jr. ("Mulcahy") has been a permanent resident of Aspen since 1995.  *Id*. at 3-4, ¶ 10.  In October 2006, plaintiff received the deed to the property at 53 Forge Road after purchasing the property through APCHA's housing lottery process.  *Id*. at 3, ¶ 9.  Plaintiff's deed to the property is subject to certain restrictions enforceable by defendant, namely, plaintiff must use the property as his primary residence and must

> be a full-time employee working in Pitkin County for an employer whose business address is located within Aspen or Pitkin County, whose business employs employees within Pitkin County, whose business license is in Aspen or Pitkin County, and/or the business taxes are paid in Aspen or Pitkin County (if an employer is not physically based in Pitkin County, an employee must be able to verify that they physically work in Pitkin County a minimum of 1500 hours per calendar year for individuals, business or institutional operations located in Pitkin County ) . . . .

Docket No. 13-3 at 19.[2]

---

[1] These facts are drawn from plaintiff's First Amended Complaint, Docket No. 13, and are assumed true for purposes of ruling on the motion to dismiss.

[2] In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the challenged complaint itself, but also attached exhibits and documents incorporated into the complaint by reference.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  The deed restrictions are attached to the amended complaint and referenced

On July 17, 2015, plaintiff received a letter from defendant alleging that he was not in compliance with the deed restrictions.  Docket No. 13 at 6, ¶ 16.  The letter stated that plaintiff had fourteen days to respond to the letter and sixty calendar days to resolve the issues identified in the letter.  *Id*. at 8, ¶ 22.  Plaintiff "promptly" communicated with defendant's qualifications specialist in an attempt to resolve the situation.  *Id*. at 7-8, ¶¶ 19-22.  On August 5, 2015, defendant sent a second non-compliance letter to plaintiff.  *Id*. at 11, ¶ 27.  On August 25, 2015, defendant sent an "official notice of violation" finding plaintiff in breach of the deed restrictions list for (1) not working full time in Pitkin County; (2) not occupying the property as his sole place of residence; (3) permitting use of the property outside of compliance with the deed restrictions; (4) failing to meet the residence requirements; (5) renting the property without approval by the HOA or APCHA; and (6) not providing APCHA with the information requested.  Docket No. 13-9 at 1.[3]  The official notice of violation indicated that plaintiff had fifteen days to contest the finding.  Docket No. 13 at 11, ¶ 27.  Because plaintiff was traveling outside the country, he was not aware of the notice of violation and did not respond.  *Id*. at 12, ¶ 30.  Subsequently, defendant issued a final letter, indicating that because plaintiff failed to timely request a hearing he had lost the right to contest defendant's findings.  *Id*.  Defendant ordered that plaintiff list the 53

therein, rendering the Court's consideration of them appropriate.  *See, e.g.*, Docket No. 13 at 3, ¶ 9.

[3] The official notice of violation is attached as an exhibit to the amended complaint and referenced therein, rendering the Court's consideration of the document appropriate.  *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (courts may consider exhibits attached to the complaint and incorporated into the complaint by reference in evaluating a Rule 12(b)(6) motion to dismiss).

Forge Road property for sale.  *Id*.

On December 2, 2015, defendant brought an action in the District Court for Pitkin County, Colorado seeking to force plaintiff to sell the property.  *Id*. at 13, ¶ 32.  On March 3, 2016, the district court granted summary judgment for defendant, concluding that, since plaintiff had failed to exhaust his administrative remedies, the court did not have jurisdiction to hear his defenses and defendant was entitled to judgment as a matter of law.  *Id*.  On August 8, 2016, the district court denied plaintiff's motion for reconsideration.  *Id*. at 14, ¶ 34.  On September 14, 2017, the Colorado Court of Appeals affirmed the district court's order.  *Id*. at 14-15, ¶ 35.  On April 30, 2018, the Colorado Supreme Court denied plaintiff's petition for writ of certiorari.  Docket No. 11-3.[4]  On January 7, 2019, the U.S. Supreme Court denied plaintiff's petition for writ of certiorari.  Docket No. 55-2.  On March 6, 2019, the district court granted defendant's motion to lift the stay of its original judgment and denied plaintiff's motion to vacate the judgment.  Docket No. 55-1.

On July 29, 2018, plaintiff filed this lawsuit.  Docket No. 1.  The operative complaint brings claims for relief under 42 U.S.C. § 1983 for (1) deprivation of plaintiff's due process rights and (2) deprivation of plaintiff's equal protection rights.  Docket No. 13 at 16-21, ¶¶ 38-62.  Plaintiff requests as relief (1) "[a]n order declaring [defendant's]

---

[4] APCHA attaches records from the state court action to its motion to dismiss and its motion to supplement the record.  *See* Docket Nos. 11-1, 11-2, 11-3, 55-1, 55-2. The Court will grant Defendant APCHA's Motion to Supplement the Record Re: [15] Motion to Dismiss [Docket No. 55], which puts before the Court records from the state court proceedings filed after the briefing on the motion to dismiss had completed.  The Court takes judicial notice of these exhibits, "which are a matter of public record."  *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

August 25, 2015 prematurely issued notice of violation to be invalid;" (2) an order to defendant to "properly issue a notice of violation," (3) compensatory, nominal, and punitive damages for APCHA's violations of his constitutional rights with pre- and post-judgment interest, and (4) attorneys' fees and costs.  *Id*. at 21.

On September 21, 2018, APCHA filed a motion to dismiss.  Docket No. 15.[5] APCHA asserts that the complaint should be dismissed on the grounds that (1) plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel, (2) plaintiff has failed to exhaust administrative remedies, (3) plaintiff has failed to allege a procedural due process violation, (4) plaintiff's claims are barred by the *Rooker-Feldman* doctrine, and (5) plaintiff failed to raise his equal protection claim before APCHA and the state court.  Docket Nos. 11, 15.

The Court granted plaintiff's motion to dismiss on the grounds that plaintiff's claims are barred by the *Rooker-Feldman* doctrine and did not rule on the other grounds.  Docket No. 57 at 11.  Plaintiff appealed.  Docket No. 66.  In his appeal, plaintiff abandoned all claims for relief except for those seeking monetary damages. Docket No. 72 at 1-2.  The Tenth Circuit affirmed the judgment of the abandoned claims, but reversed the judgment as to the claims for damages.  *Id*. at 2.  The Tenth Circuit held that the *Rooker-Feldman* doctrine did not bar plaintiff's claims for damages. *Id*. at 7.  On appeal, APCHA contended, in the alternative, that plaintiff's claims are barred by claim preclusion.  *Id*.  The Tenth Circuit declined to rule on that issue and

---

[5] APCHA's motion to dismiss incorporates the arguments made in its first motion to dismiss, *see* Docket No. 11, which was directed at the previous complaint.  *See* Docket No. 34 (order permitting APCHA to incorporate arguments from the previous motion to dismiss).

instead left it to this Court to rule in the first instance.  *Id.*

## II.  LEGAL STANDARD

### A.  Rule 12(b)(6)[6]

Under Rule 12(b)(6), a court must accept all the well-pleaded allegations of the complaint as true and must construe them in a light most favorable to the plaintiff.  *See Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).  In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the challenged complaint itself, but also attached exhibits and documents incorporated into the complaint by reference.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment."  *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

### B.  Claim Preclusion (*Res Judicata*)

Under the Constitution's Full Faith and Credit Clause, as implemented in 28 U.S.C. § 1738, a federal court must give a state-court judgment "the same preclusive

---

[6] Defendant's motion to dismiss states that it is brought under Rules 12(b)(1) and 12(b)(6).  Docket Nos. 11, 15.  A motion under Fed. R. Civ. P. 12(b)(1) is a request for the Court to dismiss a claim for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The *Rooker-Feldman* doctrine aspect of this case is no longer before the Court, and a motion to dismiss based on claim and issue preclusion is analyzed pursuant to Rule 12(b)(6).  *See Quicken Loans Inc. v. Newland Ct. Condo. Ass'n*, No. 19-cv-01485-PAB-STV, 2020 WL 1694381, at *8 (D. Colo. Apr. 6, 2020) ("Dismissal on the basis of issue preclusion is analyzed under a Rule 12(b)(6) standard.").  Additionally, a motion to dismiss based on failure to exhaust administrative remedies is analyzed under Rule 12(b)(6).  *See Zapata v. Colo. Christian Univ.*, No. 18-cv-02529-CMA-NYW, 2019 WL 1544179, at *4 (D. Colo. Mar. 15, 2019) (finding that motion to dismiss for lack of administrative exhaustion is properly brought under Rule 12(b)(6)).  Accordingly, defendant's remaining bases for its motion to dismiss will be considered under Rule 12(b)(6), not Rule 12(b)(1).

effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (holding that a § 1983 claim not raised in state court was precluded from being raised in subsequent federal case). The preclusive effect of the state-court judgment is determine by Colorado law. *See id.*

Claim preclusion under Colorado law requires (1) finality, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions. *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). The party against whom claim preclusion is sought must have had a full and fair opportunity to litigate the issue in the first proceeding. *Byrd v. People*, 58 P.3d 50, 54 (Colo. 2002).

## III.   ANALYSIS

APCHA's motion to dismiss asserts that the complaint should be dismissed on the grounds that (1) plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel; (2) plaintiff has failed to exhaust administrative remedies;[7] (3) plaintiff has failed to allege a procedural due process violation; and (4) plaintiff failed to raise his equal protection claim before APCHA and the state court. Docket Nos. 11, 15.

Plaintiff brings claims for violations of his due process and equal protection rights. Docket No. 13. Plaintiff claims that APCHA denied him equal protection of the law by "fail[ing] to follow its own regulations and guidelines when prematurely issuing a notice of violation against Mr. Mulcahy" and refusing to grant him a hearing to contest

---

[7] Given the Court's analysis of defendant's other arguments, there is no need to address this argument.

the notice of violation when APCHA routinely does so for other individuals, even when administrative deadlines have passed.  *Id.* at 19, ¶¶ 54-55.

### A.  Due Process Claim

Claim preclusion bars the relitigation of matters that have already been decided, as well as matters that could have been raised in an earlier proceeding but were not. *Argus*, 109 P.2d at 608.  A second judicial proceeding is precluded by a prior case when there is "(1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions."  *Id.* Defendant argues that plaintiff's due process claim should be dismissed because it is precluded by the state court case.  Docket No. 11 at 8.  Claim preclusion "not only bars issues actually decided, but also any issues that should have been raised in the first proceeding but were not."  *City & Cnty. of Denver v. Block 173 Assocs*., 814 P.2d 824, 830 (Colo.1991), *overruled on other grounds*, *Carousel Farms Metro. District v. Woodcrest Homes, Inc.*, 442 P.3d 402 (Colo. 2019).

Plaintiff alleges a due process violation based on APCHA's failure to follow its rules and regulations and lack of a post-deprivation remedy.  Docket No. 13 at 16-18. Plaintiff argues that the due process claim could not have been addressed by the state court because the inadequacy of the state court proceeding is what "solidified" his due process claim, and the adequacy of a state court remedy could not have been determined at the state level.[8]  Docket No. 47 at 9, 10 n.4.

---

[8] Mulcahy argues that he had no adequate post-deprivation remedy because the state court proceeding did not remedy "APCHA's due process violation."  Docket No. 47 at 9-10.  Plaintiff claims that it was only after the inadequate state court remedy that his due process claim "solidified."  *Id*. at 10.  This argument is largely semantics.  The fact

### 1. Finality

The first factor in the claim preclusion analysis is whether the first court's judgment is final. *Argus*, 109 P.3d at 608. APCHA argues that the Colorado Supreme Court's denial of plaintiff's petition for writ of certiorari makes the state court judgment in favor of APCHA final. Docket No. 11 at 7. Plaintiff argues that, under Colorado law, a judgment does not become final until all appellate routes are exhausted. Docket No. 47 at 7.

Under Colorado law, for the purposes of issue preclusion "a judgment that is still pending on appeal is not final." *Rantz v. Kaufman*, 109 P.3d 132, 141 (Colo. 2005). While *Rantz* addressed issue preclusion, the reasoning is equally applicable to claim preclusion. *Makeen Investment Grp., LLC v. Woodstream Fall Conominium Ass's, Inc.*, No. 16-cv-01250-WJM-MLC, 2018 WL 4368941, at *2-3 (D. Colo. July 2, 2018). A judgment is considered final for the purposes of claim preclusion even if the state court decision reached the end of the appeals process after the federal case was filed. *See Toney v. Keil*, No. 13-cv-03386-CMA-MJW, 2014 WL 4800275, at *6 (D. Colo. Sept. 26, 2014) (rejecting argument that state case was not final because state court decision was still pending on appeal when federal action was filed). On January 7, 2019, the U.S. Supreme Court denied plaintiff's petition for writ of certiorari, Docket No. 55-2, and

---

that the state court did not rule in favor of plaintiff does not mean he lacked adequate "post-deprivation" remedies. Moreover, in his response brief, plaintiff claims that "the deprivation of due process **arises from APCHA's actions at the administrative level**; specifically, its premature issuance of the notice of violation. The state court judgment is only demonstrative of the fact that state court remedies were inadequate to rectify that violation." *Id.* at 18 (emphasis in original). The Court discerns no inadequacy of plaintiff's state court remedy. Therefore, the Court's analysis focuses on APCHA's alleged due process violations during the enforcement proceedings.

9

on March 6, 2019, the district court granted defendant's motion to lift the stay of its original judgment and denied plaintiff's motion to vacate the judgment.  Docket No. 55-1.  Therefore, the Court concludes that the state court judgment is final for the purposes of claim preclusion.

### 2. *Identity of Subject Matter*

The second factor in claim preclusion is identity of subject matter.  *Argus*, 109 P.3d at 608.  "[I]dentity of subject matter can be evaluated by determining whether the same evidence would be used to prove the claims, even if the actions are different." *Foster v. Plock*, 394 P.3d 1119, 1127 (Colo. 2017).  If the same evidence would sustain the judgment in both the first and second case, then identity of subject matter is satisfied.  *Id.*  Plaintiff argues that (1) the evidence needed to prove APCHA's claims in the state case was only that plaintiff had failed to administratively exhaust, but in this case plaintiff must prove the elements of a § 1983 due process claim; and (2) the "leading Colorado cases applying the identity of subject matter element all involved scenarios where the party against which claim preclusion was sought had affirmatively asserted claims for relief in a prior proceeding."  Docket No. 47 at 7 n.3, 8, 10.

The fact that APCHA prevailed in state court on its administrative exhaustion argument is irrelevant because the same evidence that is involved in this case would have been used in the state case if the court there had reached the merits.

The cases cited by plaintiff stand for the proposition that a defendant in the first case is not precluded from bringing claims in a later case based on the same facts, unless, *inter alia*, a statute required the defendant to bring his claims in the original

action.  *See Valley View Angus Ranch, Inc v. Duke Energy Field Servs.*, 497 F.3d
1096, 1101-02 (10th Cir. 2007).  Colorado's compulsory counterclaim statute requires a
defendant to "state as a counterclaim any claim which at the time of filing the pleading
the pleader has against any opposing party, if it arises out of the transaction or
occurrence that is the subject matter of the opposing party's claim."  Colo. R. Civ. P.
13(a).  A defendant's failure to assert a compulsory counterclaim precludes him from
asserting that claim in a later action.  *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275
(10th Cir. 2006).

Plaintiff could have brought his due process claim based on APCHA's premature
issuance of the notice of violation as a counterclaim in the state court case.  The notice
of violation was issued on August 25, 2015 and APCHA initiated the state court case
against Mulcahy on December 2, 2015.  Docket No. 13 at 13.  Plaintiff's due process
claim arose out of the same transaction or occurrence as APCHA's enforcement action
against him.  *Cf. In re Estate of Krotiuk*, 12 P.3d 302, 304 (Colo. App. 2000) (finding a
claim arises out of the same transaction or occurrence where the subject matter of the
counterclaim is logically related to the subject matter of the initial claim).  Therefore,
Mulcahy's due process claim was a compulsory counterclaim and he was required to
bring it in the state case.  *See, e.g., Criste v. City of Steamboat Springs*, 122 F. Supp.
2d 1183, 1185 (D. Colo. 2000) (finding § 1983 claim barred by claim preclusion when
federal plaintiff, as defendant in state court, had not asserted the § 1983 claim as a
compulsory counterclaim); *Campbell v. City of Spencer*, 777 F.3d 1073, 1083 (10th Cir.
2014) (holding § 1983 claim barred by Oklahoma claim preclusion doctrine when
federal plaintiff, as defendant in state court forfeiture proceeding, had not raised the

§ 1983 claim in state court).  Because the two cases involve the same evidence and plaintiff's due process claim was a compulsory counter-claim, there is an identity of subject matter.

### 3. Identity of Claims

The identity of claims prong requires the Court to determine "whether the claim at issue in the second proceeding is the same claim that was (or could have been) brought in the first proceeding." *Foster*, 394 P.3d at 1127.  With respect to the identity of claims element, Colorado has adopted the approach of the Restatement (Second) of Judgments, which holds that a judgment "extinguishes the plaintiff's claim, including all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Argus*, 109 P.3d at 609 (citing Restatement (Second) of Judgments § 24 (1982)) (alterations omitted).  Claims arise out the same transaction "when they seek redress for essentially the same basic wrong, and rest on the same or a substantially similar factual basis." *Foster*, 394 P.3d at 1127 (citation omitted).  It is the underlying injury, not the proffered legal theory, that determines whether the identity of claims element is met. *Id.*

Plaintiff argues that there is no identity of claims because (1) APCHA's claims in the state case were based on administrative exhaustion, which prevented the state court from considering plaintiff's affirmative defenses; (2) the evidence necessary to prove plaintiff's § 1983 is different from the evidence that was necessary to sustain the judgment in the state case; (3) plaintiff could not have brought his due process claim in state court because it was not "solidified" until after the state court remedy was

inadequate;[9] and (4) the type of injury that relief is sought for in this case is different.
Docket No. 47 at 8-10.

In rejecting plaintiff's appeal, the Colorado Court of Appeals noted that
administrative exhaustion does not apply to constitutional claims.[10]  *See* Docket No.
11-2 at 6 (citing *City & Cnty. of Denver v. United Air Lines, Inc*., 8 P.3d 1206, 1212-13
(Colo. 2000)).  Because administrative exhaustion does not apply to constitutional
issues, plaintiff could have, and because it was a compulsory counter-claim, was
required to, raise his due process argument in the state court action despite the fact
that the state court's decision rested on plaintiff's lack of administrative exhaustion.
This argument is thus insufficient to defeat the identity of claims.

Plaintiff additionally argues that this case is different because here he must
prove the elements of a § 1983 claim and the type of injury and relief is different
between the two cases.  *Id.* at 8, 10.  However, the issue is whether the claims in the
two cases concern the same transaction, not whether the legal theories are the same.
*See Meridian Serv. Metro. Dist. v. Ground Water Comm'n,* 361 P.3d 392, 398 (Colo.
2015) ("The identity of claims element is bounded by the injury for which relief is

---

[9] The Court has already found that this argument fails.

[10] In the state district court case, Mulcahy raised a number of equitable defenses,
including a defense that APCHA's procedures amounted to a taking in violation of the
Fifth Amendment.  Docket No. 11-1 at 7-8, ¶¶ 38-39.  The district court rejected this
argument.  *Id.*  On appeal, Mulcahy argued that APCHA violated due process by
sending the final letter informing Mulcahy that he had lost the right to contest APCHA's
findings due to failure to request a hearing, while knowing that Mulcahy was out of the
country.  Docket No. 11-2 at 14.  The court found that the facts did not support
Mulcahy's contention of a due process violation.  *Id.*  The due process violation Mulcahy
alleged on appeal was based on APCHA sending the final letter while he was out of the
country, *id.*, not the premature issuance of the notice of violation that he asserts here.

demanded, and not by the legal theory on which the person asserting the claim relies." (internal quotation marks omitted)).  "To assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Montgomery v. City of Ardmore*, 365 F.3d 926, 935 (10th Cir. 2004) (citation omitted). To succeed on this claim, plaintiff would have to prove that he was not afforded the appropriate level of process, which would require an inquiry into APCHA's enforcement against him.  Evidence of APCHA's enforcement was used in the state case to establish that plaintiff had failed to administratively exhaust.  *See* Docket No. 11-2 at 4-5.  Additionally, the claims in this case are "tied by the same injury" because they "concern all or any part of the transaction . . . out of which the original action arose." *Foster*, 394 P.3d at 1127 (internal quotation marks and alterations omitted).

Mulcahy's argument that, because he is seeking damages, this case is different from APCHA's action for specific performance and declaratory judgment, is unpersuasive for the same reason.  *See* Docket No. 47 at 10.  When determining whether there is identity of claims, the focus is on the transaction that gave rise to the two cases, not the asserted legal theories.[11]  The Court finds that there is an identity of

---

[11] Plaintiff cites *Eason v. Bd. of Cnty. Com'rs*, 961 P.2d 537, 539 (Colo. App. 1998), for the proposition that the type of remedy sought determines whether there is identity of claims.  *See* Docket No. 47 at 10.  However, that case considered whether claim preclusion applies where the first case was for a declaratory judgment only.  *Id.* Declaratory judgments are a specific exception to claim preclusion, *id.*, and *Eason* does not stand for the general proposition that the type of remedy sought determines whether there is identity of claims.

claims.

### 4.  Identity of Parties

The parties are identical in the state case and this case, and plaintiff does not argue otherwise.  *See* Docket No. 47 at 11.  The Court therefore finds that all the factors of claim preclusion have been met regarding plaintiff's due process claim.

### 5.  Exceptions to Claim Preclusion

Because all four elements of claim preclusion have been satisfied, plaintiff's due process claim is barred by claim preclusion unless plaintiff can show an exception to claim preclusion.

### a.  Full and Fair Opportunity to Litigate

 The absence of a full and fair opportunity to litigate is an exception to the application of claim preclusion.  *Sullivan v. DaVita Healthcare Partners*, *Inc.*, 780 F. App'x 612, 615 (10th Cir. 2019) (unpublished).  This exception focuses "on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties."  *Id.* (quotation marks omitted).  The primary concern is whether the prior judgment comported with due process.  *Id.*  A state proceeding "need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law."  *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 481 (1982).

Plaintiff lists numerous actions and inactions by APCHA that he argues deprived him of a full and fair opportunity to litigate the state case: (1) filing a motion for summary

judgment only nine days into the state case, (2) attempting to narrow the case, (3) disregarding court instructions to set a case management conference, (4) failing to confer with plaintiff about discovery obligations, (5) failure to provide mandatory disclosures, (6) failure to file a certificate of compliance with procedural rules, (7) and accelerating the case so that plaintiff could not effectively litigate his defenses.  Docket No. 47 at 12-13.  Plaintiff already raised substantially the same arguments in his motion to vacate judgment in the state case, which the state court denied.  Docket No. 55-1 at 1.

The first three issues and issue six are procedural issues for which plaintiff fails to identify any prejudice or adverse effect on his abilities to defend against APCHA's claim.  Similarly, the remaining issues, which focus on discovery issues, are not issues plaintiff considered to be problems in state court.  For example, plaintiff did not request discovery in order to respond to APCHA's motion for summary judgment.  Docket No. 55-1 at 1.  In fact, plaintiff filed a cross-motion for judgment on the pleadings in which he argued that there were no issues of material fact.  *Id*.  Plaintiff fails to show that any of the alleged actions by APCHA had any material effect on his ability to defend against APCHA's summary judgment motion.[12]

### b.  Whether the State Case Solely Involved a Declaratory Judgment

---

[12] This case is distinguishable from *Byrd v. People*, on which plaintiff relies, because *Byrd* was a criminal case where the court held that issue preclusion based upon a revocation of probation did not bar the defendant's right to trial.  *Byrd*, 58 P.3d at 57.  The court considered the simplified procedures of a probation hearing and the public policy that counseled against applying issue preclusion to bar a criminal trial.  *Id.* These concerns are inapposite here, where plaintiff was a defendant in a civil case in state court.

Under Colorado law, a declaratory judgment does not have a preclusive effect on claim in later cases where the plaintiff seeks other remedies. *Atchison v. City of Englewood*, 506 P.2d 140, 143 (Colo. 1973). Plaintiff argues that the state case was a case for a declaratory judgment. Docket No. 47 at 14. Plaintiff cites *Eason*, 961 P.2d at 539, where the court held that a party who lost a declaratory judgment case against him was not prohibited from later bringing a § 1983 case asserting violations of his right to due process.[13]

APCHA counters that the state court entered summary judgment in favor of APCHA on its breach of contract claim and ordered specific performance requiring Mulcahy to list the property for sale; therefore, the case was not only for declaratory judgment. Docket No. 51 at 6. The Court agrees with defendant. The state court ordered plaintiff to list the property for sale as specific performance. Docket No. 11-1 at 10, ¶ 51. Where a party seeks coercive as well as declaratory relief, "the great weight of authority holds that . . . the declaratory judgment exception to *res judicata* does not apply." *Criste*, 122 F. Supp. 2d 1187. Moreover, *Eason* is distinguishable since the earlier case involved only declaratory relief. Therefore, the declaratory judgment exception does not apply in this case.

Because the elements for claim preclusion are met, and no exceptions apply,

---

[13] Plaintiff cites the portion of *Eason* stating, "the traditional rule is that purely defensive use of a legal theory does not preclude a later action for affirmative recovery on the same theory." Docket No. 47 at 14 (citing *Eason*, 961 P.2d at 539). However, the full sentence states that this traditional rule applies "[u]nless compulsory counterclaim rules apply." *Eason*, 961 P.2d at 539. Because the Court has found that the due process claim was a compulsory counterclaim, plaintiff's argument is unpersuasive.

plaintiff's due process claim based on the premature issuance of the notice of violation is barred by claim preclusion.[14]

## B.  Equal Protection Claim

Plaintiff brings an equal protection claim based on APCHA's selective enforcement against him.[15]  Docket No. 13 at 18-21.  Plaintiff argues that APCHA treated him differently from other similarly situated individuals by prematurely issuing the notice of violation and refusing to allow him a hearing after the administrative deadline to request one had passed, despite the fact that APCHA routinely grants hearings to others who respond after the deadline.  *Id.* at 19, ¶¶ 54-55.  APCHA's motion to dismiss argues that the equal protection claim fails because (1) plaintiff did not raise this argument before APCHA or in state court; and (2) the state court proceeding must have been a "complete nullity" for plaintiff's claim to survive.[16]  Docket

---

[14] Although plaintiff claims in his response brief that his due process claim includes a claim for substantive due process, Docket No. 47 at 15, plaintiff does not identify the nature of the claim and the amended complaint does not contain any supportive allegations.  *See generally* Docket No. 13.  Thus, to the extent plaintiff argues that his complaint brings a claim for a substantive due process violation, Docket No. 47 at 15, the Court finds that the amended complaint fails to state a claim.

[15] In his response brief, plaintiff argues that he has sufficiently pled a claim for equal protection.  Docket No. 47 at 19-20.  In reply, APCHA argues that plaintiff's allegations are insufficient as a matter of law.  Docket No. 51 at 8.  However, "arguments not raised in [] opening brief[s] are waived."  *City of Colorado Springs v. Solis*, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009); *see also State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n. 7 (10th Cir. 1994) (deeming waived argument raised in reply brief).  Defendant waived arguments regarding the insufficiency of plaintiff's allegations as a matter of law by not raising them in its opening brief.

[16] Defendant also argues that a federal court cannot review a § 1983 "claim[] that formed the basis of, or [is] 'inextricably entwined' with, a final state court judgment."  Docket No. 15 at 3 (quoting *Mehdipour v. Chapel*, 12 F. App'x 810, 813 (10th Cir. 2001) (unpublished)).  Defendant fails to explain this argument, but the Court believes

No. 15 at 3-4.

Defendant does not indicate the basis its argument that plaintiff was required to raise his equal protection claim in the APCHA administrative process and in the state court.  *See* Docket No. 15 at 3.  The Court discerns APCHA to be arguing that (1) plaintiff's claim is barred due to his failure to administratively exhaust; and (2) plaintiff's failure to raise this claim in his state court proceedings is fatal.  As noted, administrative exhaustion does not apply to constitutional claims.  *See United Air Lines, Inc*., 8 P.3d at 1213 (exhaustion doctrine does not apply when party raises constitutional issues).  This argument is not persuasive.

However, the Court agrees that plaintiff's failure to raise an equal protection claim in state court bars litigation of it here.  Claim preclusion bars the relitigation of matters that have already been decided, as well as matters that could have been raised in an earlier proceeding but were not.  *Argus*, 109 P.2d at 608.  Claim preclusion, as noted earlier, requires "(1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions."  *Id.*

The Court has already found these factors met with regards to plaintiff's due process claim.  The due process analysis applies equally to plaintiff's equal protection claim regarding the finality of the first judgment and identity of parties.  That analysis

---

defendant to be arguing that plaintiff's claim is inextricably entwined with the state court judgment.  Defendant brings this argument in a section separate from its *Rooker-Feldman* argument, but cites to a case that is an application of the *Rooker-Feldman* doctrine.  *See* Docket No. 15 at 3 (quoting *Mehdipour*, 12 F. App'x at 813, which cites *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986), which in turn cites *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)).  The Tenth Circuit held that the *Rooker-Feldman* doctrine does not apply to plaintiff's claim for damages in this case, *see* Docket No. 72 at 2; accordingly, APCHA's argument fails.

also applies to the fact that the full and fair litigation and declaratory judgment exceptions to claim preclusion do not apply in this case. The remaining issues are whether there is identity of subject matter and claims.

### 1. Identity of Subject Matter

"[I]dentity of subject matter can be evaluated by determining whether the same evidence would be used to prove the claims, even if the actions are different." *Foster*, 394 P.3d at 1127. If the same evidence would sustain the judgment in both the first and second case, then identity of subject matter is satisfied. *Id.* Plaintiff argues that the evidence needed to prove APCHA's claims in the state case only related to administrative exhaustion, but in this case plaintiff must prove the elements of a § 1983 equal protection claim. Docket No. 47 at 8-10.

As noted with respect to plaintiff's due process claim, the fact that APCHA prevailed in state court on its administrative exhaustion argument is irrelevant. Both cases involve the same property and contract between APCHA and plaintiff. *See Block 173 Assocs.,* 814 P.2d at 831 (holding that same land transaction and same underlying facts generate identity of subject matter). If the state court had reached the merits of the argument, the same evidence would have been used in both cases; therefore, identity of subject matter is met.

### 2. Identity of Claims

The identity of claims prong requires the Court to determine "whether the claim at issue in the second proceeding is the same claim that was (or could have been) brought in the first proceeding." *Foster*, 394 P.3d at 1127. Claims arise out the same transaction "when they seek redress for essentially the same basic wrong, and rest on

20

the same or a substantially similar factual basis." *Foster*, 394 P.3d at 1127 (citation omitted). It is the underlying injury, not the proffered legal theory, that determines whether the identity of claims element is met. *Id.*

Plaintiff argues that there is no identity of claims because (1) the elements of plaintiff's § 1983 equal protection claim are different from the elements that APCHA had to prove in state court; (2) plaintiff could not have brought his equal protection claim in state court because evidence of disparate treatment was not available until after the state court action "was at issue"; and (3) the type of relief sought between the two cases is separate. Docket No. 47 at 8-10, 10 n.4.

Plaintiff argues this "equal protection claim was not, nor could it have been addressed in prior proceedings" because evidence of disparate treatment was not available until after the state court action. Docket No. 47 at 4, 10 n. 4. While a "counterclaim may be compulsory if it arises from the same events as does the prior claim, even though the evidence needed to establish the opposing claims may be quite different," *Visual Factor, Inc. v. Sinclair*, 441 P.2d 643, 644 (Colo. 1968), a counterclaim is not compulsory unless it has matured when the responsive pleading is due. *Allen v. Martin*, 203 P.3d 546, 557 (Colo. App. 2008). The "maturity exception" turns on whether "the claim is one which the claimant could have maintained . . . on the date he filed his answer." *In re Estate of Krotiuk*., 12 P.3d at 305. Where the activities that form the basis of the claim occur before the answer is due, the claim has matured. *See id.* at 305-06.

Here, the activities that form the basis of the equal protection claim – APCHA's alleged disparate treatment of plaintiff – had occurred before plaintiff's answer was due.

Plaintiff claims that he was unaware of the disparate treatment until after APCHA's summary judgment motion in state court had been briefed.  Docket No. 47 at 19. However, before APCHA filed the state case, plaintiff was aware of APCHA's premature issuance of the notice of violation and refusal to grant an extension to request a hearing; therefore, plaintiff's equal protection claim had matured by the time his answer in the state case was due.[17]  *See* Docket No. 13 at 13, 15 ¶¶ 31, 36 (stating that "Mr. Mulcahy was under the impression that APCHA was sincere in working with him to resolve this matter and that they were actively and collaboratively working towards a resolution pursuant to the cure period provided in APCHA's guidelines" and that APCHA used the notice of violation "as a basis for denying Mr. Mulcahy a hearing and, in fact, no hearing was ever held by APCHA."); *see also Marcotte v. City of Rochester*, 2016 WL 792497, at *4-5 (W.D.N.Y. Mar. 1, 2016) (Title VII claim precluded where earlier § 1983 case was based on the same event, despite plaintiff's argument that comparator incident could not have been included in first lawsuit because that incident took place after the first case).  Additionally, the equal protection claim arose out of the same transaction or occurrence as the state court case for the same reasons as the

---

[17] The Court also notes that plaintiff's failure to obtain discovery in the state case did not deprive him of a full and fair opportunity to litigate the case.  Plaintiff appears to argue that he could not have known of the disparate treatment without discovery, Docket No. 47 at 12-13, but plaintiff did not seek discovery in order to respond to APCHA's motion for summary judgment in the state case.  *See* Docket No. 55-1 at 1. Instead, plaintiff filed a cross-motion for judgment on the pleadings wherein he argued that there were no disputes of material fact.  *Id.*  Moreover, independent of the state case, plaintiff admits that he had the ability to, and did in fact file, Colorado Open Records Act requests to APCHA about disparate treatment issues.  Docket No. 47 at 19.  Therefore, the full and fair opportunity to litigate exception to claim preclusion does not apply to plaintiff's equal protection claim.

due process claim.  The equal protection claim was thus a compulsory counterclaim.

Because plaintiff's equal protection claim was a compulsory counterclaim and administrative exhaustion does not apply to constitutional issues, plaintiff was required to raise his equal protection claim in state court despite the fact that the state court's decision rested on plaintiff's lack of administrative exhaustion.  The equal protection claim arises out of the same factual basis as the state case – plaintiff's breach of the deed restrictions and APCHA's enforcement proceedings against plaintiff.

As discussed in reference to plaintiff's due process claim, the fact that different types of relief are sought in the two cases does not defeat identity of claims.  Similarly, plaintiff's need to prove the elements of an equal protection claim in this case fails to render them dissimilar, because "[c]laims are tied by the same injury where they concern all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Foster*, 394 P.3d at 1127 (internal quotation marks and alterations omitted).  APCHA instigated its enforcement action – which is the basis of the equal protection claim – due to plaintiff's breach of the deed restrictions.  These two transactions are highly connected, and thus identity of claims is met.

Because all elements of claim preclusion are met with respect to plaintiff's equal protection claim, plaintiff is barred from re-litigating the issue.[18]  Accordingly, the Court

---

[18] Defendant also argues that, in order to make out an equal protection claim, "the state court proceedings must have been a complete nullity, with a purpose to deprive a person of his property without due process of law."  Docket No. 15 at 4. Because the Court grants defendant's motion to dismiss on other grounds, the Court declines to address this argument.

grants APCHA's motion to dismiss.[19]

## III.   CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant Aspen/Pitkin County Housing Authority's Motion to Dismiss First Amended Complaint Pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6) [Docket No. 15] is **GRANTED**.  It is further

**ORDERED** that Plaintiff's Motion to File Brief Surreply to Defendant's Motion to Dismiss With Surreply Incorporated [Docket No. 53] is **GRANTED**.  It is further

**ORDERED** that Defendant APCHA's Motion to Supplement the Record Re: [15] Motion to Dismiss [Docket No. 55] is **GRANTED**.  It is further

**ORDERED** that this case is **DISMISSED**.

DATED March 1, 2021.

BY THE COURT:

_____

PHILIP A. BRIMMER
Chief United States District Judge

---

[19] Plaintiff's motion to file a surreply states that, after filing his response to APCHA's motion to dismiss, plaintiff was contacted by Pitkin County Attorney who indicated that Pitkin County was investigating APCHA for selective treatment and enforcement of their guidelines.  Docket No. 53 at 2-3.  The Court will grant the motion to file a surreply, but finds that an investigation by Pitkin County does not change any of the above analysis regarding plaintiff's equal protection claim.